FILED
SUPERIOR COURT
OF GUAM

2022 NOV 29 PM 2: 58

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

RSA-TUMON, LLC,

Plaintiff,

v.

PITT COUNTY MEMORIAL HOSPITAL, INC. & SHERIF ANTOUN PHILIPS, M.D.

Defendants.

Civil Case No. CV0453-20

DECISION AND ORDER REINFORCING DENIAL OF DEFENDANT'S MOTION OF RECUSAL & DISQUALIFICATION

## INTRODUCTION

This Court sits as the court designated to review and determine the Motion for Reconsideration of Decision and Order Denying Defendant's Motion of Recusal & Disqualification of Judge Elyze M. Iriarte ("Motion for Reconsideration") filed by Defendant Sheriff Antoun Phillips, M.D. ("Defendant"). Having again found no grounds to disqualify Judge Iriarte, the Court **DENIES** Defendant's Motion for Reconsideration.

## BACKGROUND

On March 28, 2022, Defendant Sherif Antoun Phillips, M.D. ("Defendant") filed his Motion of Recusal & Disqualification. Defendant claims he will not receive a fair trial under Judge Iriarte, as she has a demonstrated history of making errant rulings favoring the Plaintiff. See Motion of Recusal & Disqualification at 3 (Mar. 28, 2022). Defendant further contends these rulings were made despite Judge Iriarte's court having no jurisdiction over Defendant. Id. at 1-3.

On April 1, 2022, Judge Iriarte filed her Answer to Motion of Recusal & Disqualification. Judge Iriarte argued that Defendant failed to meet the burden of proof required for a disqualification, and that none of her decisions in this case demonstrate bias for or against a particular party. See Answer to Motion of Recusal & Disqualification at ¶ 9 (Apr. 1, 2022).

The undersigned Judge Lamorena, III was assigned to review the Defendant's Motion of Recusal & Disqualification. See Notice of Assignment of Recusal Judge (May 23, 2022). Judge Lamorena, III subsequently denied Defendant's Motion of Recusal & Disqualification, due to Defendant's lack of specificity in alleging the existence of bias, and because the jurisdictional determination should be reviewed by an appellate judge (rather than a Superior Court judge). See Decision and Order (Jul. 11, 2022).

On August 22, 2022, Defendant filed his Motion for Reconsideration. Defendant once again argued that the Guam Superior Court lacks jurisdiction over the case due to lack of personal jurisdiction. See Motion for Reconsideration at ¶23 (Aug. 22, 2022). Specifically, Defendant claims he is neither domiciled in Guam nor does he have sufficient minimum contacts to Guam. Id. at ¶ 23-24. Defendant also continues to allege general bias from Judge Iriarte's courtroom, supposedly demonstrated by rulings going against him. See Motion for Reconsideration at ¶ 9 (Aug. 22, 2022).

On August 31, 2022, Judge Iriarte filed her Answer to Second Motion for Recusal & Disqualification. Judge Iriarte claimed that Defendant failed to flesh out any claims of her courtroom engaging in retaliation, fraud, or favoritism. See Answer to Second Motion at 3 (Aug. 31, 2022). Judge Iriarte insisted that her rulings were consistent with the law and based only on the facts presented. Id. at 3.

On September 13, 2022, Defendant filed his Reply to the Court ("Reply"). Defendant again challenged the Court's jurisdiction over his case, arguing lack of personal jurisdiction. See Reply at 3-4 (Sep. 13, 2022).

The undersigned Judge Lamorena, III was assigned to review the Defendant's Motion for Reconsideration. See Notice of Assignment of Recusal Judge (Sep. 14, 2022).

## DISCUSSION

### I. Defendant Provides No Reason Why Judge Iriarte's Impartiality May Reasonably Be Questioned.

A judge is disqualified from presiding over a matter in which her impartiality may reasonably be questioned or where she possesses a personal bias or prejudice concerning a

party. See 7 G.C.A. § 6105(a)-(b)(1). In interpreting the substantive grounds for disqualification, "what matters is the appearance of bias, not actual bias." See *People v. Camaddu*, 2015 Guam 2 ¶ 74 (internal quotation marks omitted) (*citing Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32). Thus, a judge who is in fact unbiased, must still disqualify themselves if the public can reasonably question the fairness of the legal proceedings. See *Dizon v. Superior Court of Guam*, 1998 Guam 3 ¶ 15 ("[t]he standard is whether a reasonable person could doubt [the judge's] ability to be impartial").

If a party believes a judge is disqualified based on earlier rulings, the party must demonstrate the judge's behavior "was so extreme as to display clear inability to render a fair judgment." See *People of Guam v. Tennessen*, 2010 Guam 12 ¶ 34 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005)). "On the other hand, 'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women ... sometimes display' do not establish bias." Id. (citing *Liteky v. U.S.*, 510 U.S. 540, 555-556 (1990)).

Here, the Defendant generally alleges that Judge Iriarte has demonstrated bias by issuing "all of her rulings... against the defendant after the defendant asked to transfer his case to the Federal Court." See Motion for Reconsideration at ¶9 (Aug. 22, 2022). However, Defendant fails to point to language in any of Judge Iriarte's rulings that demonstrates bias. An issue being decided adversely against a party does not alone prove the existence of bias. Defendant fails to specify any particular language conveying bias, even after his failure to do so led to the Court denying his original Motion of Recusal & Disqualification. Absent any particular language conveying bias, the Court accepts Judge Iriartes' explanation that deep-seated favoritism for or antagonism against the Defendant have not influenced her decisions.

**I. Defendant Can Appeal Any Jurisdictional Determinations Judge Iriarte Has Made To The Guam Supreme Court.**

Defendant also tries to prove the existence of bias by challenging the Court's personal jurisdiction over himself. Id. at ¶ 23.

Personal jurisdiction can be obtained in a number of ways. While state of domicile is one way to establish personal jurisdiction, personal service in the forum state (also known as transient jurisdiction or tag jurisdiction) also establishes personal jurisdiction. See *Burnham v. Superior Court of California*, 495 U.S. 604, 606 (1990). Here, Defendant was served personally in Guam, so the Superior Court of Guam and Judge Iriarte's courtroom did originally have jurisdiction over this case. See Declaration of Personal Service (Jul. 8, 2020). The Court retains the ability to exercise transient jurisdiction, regardless of whether the Defendant's state of domicile is in Guam or in Florida.

Additionally, jurisdictional determinations, if appealed, are legal issues for the Guam Supreme Court to consider. Superior Court of Guam Judges are not appellate judges authorized to alter jurisdictional determinations made by their peers. If Defendant truly believes the Court does not have jurisdiction over him, then he should appeal that issue to the Guam Supreme Court rather than trying to shoehorn the issue into a Motion for Recusal. The fact that Defendant disagrees with whether personal jurisdiction exists does not itself prove the existence of bias.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. This Court returns this matter to Judge Iriarte for further disposition.

IT IS SO ORDERED this Nov. 29, 2022

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Berman, Arriola,
Sherif Philips
Date: 11/29/22 Time: 3:09pm

Deputy Clerk, Superior Court of Guam

Decision and Order Reinforcing Denial of Defendant's Motion of Recusal & Disqualification
CV0453-20, *RSA-Tumon, LLC v. Pitt County Memorial Hospital, Inc. & Sherif Antoun Phillips*
Page 4 of 4